UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| MICHAEL & EMMALIE LUIKART, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Ocean Canyon Properties, Inc.,<br><br>Defendant. | Civil Action No. 5:19-cv-00025<br><br>**AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**NOW COMES** Michael and Emmalie Luikart ("Plaintiffs"), by and through the undersigned counsel, states as follows:

## NATURE OF THE ACTION

1. Plaintiffs bring this action seeking redress for Defendant's violations of the Truth in Lending Act, 15 U.S.C. 1601 *et seq*., the Texas Finance Code, Tex. Fin. Code § 341 et seq., and the Texas Deceptive Trade Practices Act, Tex. Bus. and Com. Code § 17.46.

2. Defendant misrepresented the costs and benefits and otherwise made inadequate and inaccurate disclosures regarding a camping resort membership it sold to Plaintiffs and many other similarly situated consumers.

3. Defendant's misrepresentations and inadequate and inaccurate disclosures caused Plaintiffs and many other similarly situated consumers to enter into a transaction that they otherwise would not have entered into but for Defendant's deception.

1

## JURISDICTION AND VENUE

4. Subject matter jurisdiction is conferred upon this Court by the Truth in Lending Act ("TILA") and 28 U.S.C. §§ 1331 as the action arises under the laws of the United States. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

5. Federal diversity jurisdiction also exists pursuant to 28 U.S.C. § 1332. Plaintiffs are citizens of Georgia. Defendant is a corporation organized under the laws of the State of Nevada with its principal place of business located in Texas. Therefore, complete diversity of citizenship exists. The amount in controversy, exclusive of interests and costs, exceeds $75,000.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant resides and transacts business in this District, a substantial part of the acts or omissions giving rise to this action occurred in this District, and the subject contract specifies this venue.

## PARTIES

7. Plaintiffs Michael and Emmalie Luikart ("Plaintiffs") are natural persons residing in Waleska, Georgia.

8. Each Plaintiff is a "consumer" as defined by the Tex. Bus. and Com. Code §§ 17.50(a)(1) and 20.01(2), and Texas Fin. Code § 392.001(1); a "person" as defined by 15 U.S.C. § 1602(e); and a "purchaser" as defined by Tex. Prop. Code § 222.003(18).

9. Defendant Ocean Canyon Properties, Inc. ("Defendant") is a corporation organized under the laws of the State of Nevada with its principal place of business located at 1001 Walnut Street, Texarkana, TX 75501.

10. Defendant is a "creditor" as defined by 15 U.S.C. § 1602(g); an "operator" as defined by Tex. Prop. Code § 222.003(15); and a "seller" as defined by Tex. Prop. Code § 222.003(22).

## FACTUAL ALLEGATIONS

11. In or about late April 2016, while purchasing a recreational vehicle ("RV") from Camping World, Plaintiffs were invited to join the Coast to Coast "Good Sam Club" and receive discounts on fuel, dining, and shopping, among other benefits.

12. Plaintiffs, both retired and living on a fixed income, decided to join the Good Sam Club to help them save money on travel and RV-related expenses and gain access to campgrounds.

13. After joining the Good Sam Club, Plaintiffs received a solicitation letter from Defendant inviting them to visit one of their camping resorts. The solicitation letter did not include the disclosures required by Tex. Prop. Code § 222.006(a).

14. Plaintiffs accepted Defendant's invitation to visit and met with Defendant's representatives at their office located at the Mountain Lakes Resort in Langston, Alabama.

15. On or about April 28, 2016, Defendant convinced Plaintiffs that purchasing a camping resort membership from Defendant would provide significant benefits at an affordable price, including being fully assignable or transferrable, but would require a down payment of $1,870 to purchase a membership.

16. Plaintiffs told Defendant that they did not have the $1,870 requested down payment.

17. Defendant offered to lend Plaintiffs the $1,370 in exchange for a promissory note giving them until May 2, 2016 to pay the note in full, during which time they would have limited membership rights.

18. Defendant explained the remaining amount due on the membership purchase could be paid-off on a monthly basis through a separate installment loan.

19. Based on the representations made by Defendant, Plaintiffs entered into a "membership camping contract" as that term is defined by Tex. Prop. Code § 222.003(8) with Defendant on or about April 28, 2016 (referred to hereafter as the "Membership Agreement").

20. The Membership Agreement does not contain an arbitration provision or class action waiver.

21. Defendant did not provide Plaintiffs with a membership camping resort disclosure statement and did not obtain from Plaintiffs a written acknowledgment of receipt, as required by Tex. Prop. Code § 222.006(b).

22. Defendant did not provide Plaintiffs with a reciprocal program disclosure statement as required by Tex. Prop. Code § 222.006(c).

23. The Membership Agreement did not contain the items required by Tex. Prop. Code §§ 222.007(b)(1), (6), (7), (11), (12); § 222.007(c); and § 222.007(d).

24. The Membership Agreement did not accurately or fully state Plaintiffs' right to cancel pursuant to Tex. Prop. Code § 222.008.

25. On or about April 28, 2016, Plaintiffs paid Defendant $500 towards the down payment on a personal credit card.

26. On or about April 28, 2016, Plaintiffs executed a "Pender Promissory Note" in the amount of $1,370 to cover the rest of the down payment, with the total amount due on May 2, 2016, less than a week later.

27. The Pender Promissory Note was not in the form required by Tex. Fin. Code § 341.502.

28. On or about April 28, 2016, Plaintiffs also executed an "Installment Note and Security Agreement (Installment Loan)." The Installment Loan stated that the total financed amount was $9,870.00, with an annual percentage rate ("APR") of 16.9%, payable over the course of 60 months with monthly payments of $198.39 starting on June 7, 2016.

29. The Installment Loan does not include any terms requiring arbitration or a class action waiver.

30. The Installment Loan was not in the form required by Tex. Fin. Code § 341.502.

31. Defendant was not licensed by the Texas OCCC as a "lender" as required at the time that Defendant offered and entered into the Membership Agreement, Pender Promissory Note, and Installment Loan in violation of Tex. Fin. Code § 349.051.

32. Defendant was not registered with the Texas Secretary of State at the time it offered a membership interest to Plaintiff as required by Tex. Prop. Code § 222.004, nor had it complied with the registration requirements for membership camping contract brokers imposed by Tex. Prop. Code § 222.005.

33. The APR and Finance Charge contained in the Note were not displayed clearly and conspicuously or more prominently than other disclosures as required by 15 U.S.C § 1632(a) and 12 C.F.R. § 1026.17(a).

34. Defendant understated and misrepresented the Amount Financed by failing to deduct prepaid finance charges in accordance with 15 U.S.C. § 1638(a)(2) and 12 C.F.R. § 1026.18(b)(3).

35. Defendant understated and misrepresented the Finance Charge in violation of 15 U.S.C. §§ 1605 and 1638(a)(3), and 12 C.F. R. § 1026.18(d).

36. Defendant listed the Total Sales Price as $9,870, and thereby understated and misrepresented the total cost of the transaction by thousands of dollars in violation of 15 U.S.C § 1638(a)(7) and 12 C.F.R. § 1026.18(j).

37. Plaintiffs relied on Defendant's false representations concerning the Total Sale Price, Amount Financed, and Finance Charge when they entered into the Membership Agreement, Pender Promissory Note, and Installment Loan. Plaintiffs would not have entered into the Membership Agreement, Pender Promissory Note, and Installment Loan had Defendant truthfully disclosed the total cost and benefits of a membership.

38. When Plaintiffs entered into the Installment Loan with Defendant, they did not know or have reason to know Defendant, an unlicensed lender, had understated and misrepresented the total cost of the transaction.

39. During consummation of the transaction and thereafter, Defendant provided Plaintiffs with various official-looking loan documents expressly stating the key numbers important in a loan transaction, including the interest rate, amount financed, finance charge and total sales price.

40. In or about August 2018, Plaintiffs learned that Defendant had been sued by another consumer in connection with the sale of a membership.

41. Prior to August 2018, Plaintiffs did not have a reasonable opportunity to discover Defendant's fraudulent concealment or nondisclosures in violation of TILA and the DTPA.

42. Plaintiffs did not have the underlying calculations relied on by Defendant and would not have had reason to know or "catch" the misrepresentations that were only discovered after Plaintiffs' attorneys analyzed the figures according to the regulatory requirements.

43. Defendant's actions have caused Plaintiffs actual harm, including but not limited to economic damages, out of pocket loss, emotional distress, anxiety, and damage to their credit rating and standing.

## CLASS ALLEGATIONS

44. Defendant unlawfully advertised, offered, sold and financed the sale of a camping resort membership to Plaintiffs and others similarly situated.

45. Upon information and belief, Defendant has on more than fifty (50) occasions provided consumers with loan disclosure statements that understated and misrepresented the terms and cost of the transaction between February 2, 2016 and February 2, 2017.

46. Upon information and belief, Defendant has on more than fifty (50) occasions engaged in the business of making, transacting, or negotiating loans without being licensed as required pursuant to Tex. Fin. Code § 342.051(a) between February 2, 2013 and February 2, 2017.

47. Upon information and belief, Defendant has on more than fifty (50) occasions failed to make the disclosures required by the Texas Camping Resort Membership Act, Tex. Prop. Code § 222.001, before, during, and after engaging in the unauthorized offering and sale of camping resort memberships to consumers between February 2, 2015 and February 2, 2017.

48. Upon information and belief, Defendant has made loans to fifty (50) or more consumers using a form prohibited by Tex. Fin. Code § 341.502 between February 2, 2013 and February 2, 2017.

49. Plaintiffs bring this action individually and as a class action.

50. Pursuant to Federal Rule of Civil Procedure 23(a-b), Plaintiffs seek to certify the following four (4) classes.

51. The first class Plaintiffs seek to certify is defined hereinafter as the "TILA Class":

> *All consumers that received from Defendant a loan disclosure statement containing an understated and/or inaccurate Total Sales Price, Amount Financed, and/or Finance Charge between February 2, 2016 and February 2, 2017 and have not signed an arbitration agreement or class action waiver.*

52. The second class that Plaintiffs seek to certify is defined hereinafter as the "DTPA Class (2)":

> *All persons to whom Defendant offered or sold a camping membership resort to without having complied with the registration requirements under the Texas Membership Camping Resort Act, Tex. Prop. Code Sections 222.004 and 222.005, between February 2, 2015 and February 2, 2017 and have not signed an arbitration agreement or class action waiver.*

53. The third class that Plaintiffs seek to certify is defined hereinafter as the "TFC Class (3)":

> *All persons to whom Defendant made a consumer loan to without having been licensed as an authorized lender as required pursuant to Tex. Fin. Code § 342.051 between February 2, 2013 and February 2, 2017 and have not signed an arbitration agreement or class action waiver.*

54. The fourth class that Plaintiffs seek to certify is defined hereinafter as the "FORM Class (4)":

> *All persons to whom Defendant made a consumer loan using an unapproved form pursuant to Tex. Fin. Code § 341.502 between February 2, 2013 and February 2, 2017 and have not signed an arbitration agreement or class action waiver.*

### *Rule 23(a) Requirements*

### *Numerosity*

55. Plaintiffs do not know the number of members in each class, but believe the members number in the thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

56. Plaintiff sand members of the classes were harmed by the acts of Defendant in the following ways:

- Defendant unlawfully advertised, offered, sold and financed the sale of a camping resort membership to Plaintiffs and other class members.

- Before, during, and after consummating the sale, Defendant failed to make certain required disclosures to Plaintiffs and class members and provided consumers with loan disclosure statements that understated and misrepresented the terms and cost of the transaction.

- Defendant made loans to consumers using unapproved and prohibited forms.

57. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiffs reserve the right to expand the definitions of the classes to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

58. The joinder of the class members is impractical and the disposition of their claims in the class action will provide substantial benefits both to the parties and to the Court. The classes can be identified through Defendant's records or Defendant's agents' records.

59. There is a well-defined community of interest in the questions of law and fact

involved affecting the parties to be represented.

60. The questions of law and fact to the TILA Class predominate over questions which may affect individual TILA Class members, including the following:

   a. Whether Defendant failed to provide clear and conspicuous disclosure of the APR and Finance Charge contained in the promissory note utilized by Defendant; and,

   b. Whether Defendant understated and misrepresented the Amount Financed, Finance Charge, and Total Sales Price in the promissory note utilized by Defendant.

   c. Whether Defendant's conduct in misrepresenting and concealing the true financing amounts was uniform to the class such that equitable tolling is available to all TILA Class members.

61. The questions of law and fact to the DTPA Class predominate over questions which may affect individual DTPA Class members, including the following:

   a. Whether Defendant complied with the disclosure requirements set forth in the Texas Property Code when offering, selling or financing the sale of membership camping resorts to consumers;

   b. Whether Defendant was registered with the Texas Secretary of State at the time it offered a membership interest to Plaintiff and the class members;

   c. Whether Defendant complied with the registration requirements for membership camping contract brokers prior to offering a membership interest to Plaintiff and the class members;

62. The questions of law and fact to the TFC Class predominate over questions which may affect individual TFC Class members, including the following:

  a. Whether Defendant was licensed as an authorized lender to make consumer loans at the time it offered, negotiated and made a loan to Plaintiffs and the class member.

  b. Whether offering, negotiating, and making loans when not licensed and authorized to do so is a material violation of the Texas Financial Code.

63. The questions of law and fact to the FORM Class predominate over questions which may affect individual TFC Class 2 members, including the following:

  a. Whether the forms utilized by Defendant to make consumer loans to Plaintiffs and the class members complied with Tex. Fin. Code § 341.502.

  b. Whether offering, negotiating, and making loans when not licensed and authorized to do so is a material violation of the Texas Financial Code.

64. Therefore, the estimated number of class members for each class is in excess of fifty (50) persons.

*Commonality*

65. All members of the TILA, TFC, FORM, and DTPA Classes (hereinafter "Classes") had their rights violated in the same manner by the same illegal actions of Defendant.

66. Common evidence, in particular (1) a list of persons to whom Defendant sent promotional materials offering camping resort memberships, 2) a list of persons to whom Defendant sold camping resort memberships, and 3) a list of persons to whom Defendant made loans to finance the purchase of a camping resort membership, will drive resolution of the claims of the Classes.

67. Statutory relief under the TILA, DTPA, and TFC is directed based upon the common conduct of Defendant, and not the subjective, individual experiences of members of the Classes.

*Typicality*

68. Plaintiffs have the same claims to statutory relief as do all other members of the Classes.

69. Any defenses that Defendant may have to liability or quantum of statutory damages with respect to Plaintiffs' claims would be generally applicable to all members of the Classes.

*Adequacy*

70. Plaintiffs bring this lawsuit after an extensive investigation of Defendant's alleged misconduct.

71. Plaintiffs bring this lawsuit with the intention to stop Defendant's unlawful practices and recovery statutory remedies for all consumers affected.

72. Plaintiffs will continue to vigorously pursue relief for the Classes.

73. Plaintiffs' counsel, the Consumer Justice Center, P.A and Law Office of Trista Johnson, have been certified as class counsel in numerous of class actions enforcing consumer rights laws in the United States federal courts.

74. Plaintiffs' counsel are committed to expending the time, energy, and resources necessary to successfully prosecute this action on behalf of the Classes.

*Rule 23(b)(3)*

*Predominance/Superiority*

*Predominance*

75. Statutory relief under the TILA, DTPA and the Tex. Fin. Code follows from facts that Defendant acted in a manner common to the entire class and not the subjective experience of any one complainant.

76. Common issues will predominate substantially over individual issues in the ultimate resolution of this action for the four classes.

### *Superiority*

77. Plaintiffs and their counsel are not aware of any other pending actions against Defendant.

78. Members of the Classes have little interest in individual control over this action given the small amounts at stake compared to the cost, risk, delay, and uncertainty of recovery after prosecuting a lawsuit.

79. Upon information and belief, few if any members of the Classes are fully aware that Defendant's actions were unlawful.

80. The class notice mechanism provides an opportunity for uninformed members of the Classes to learn about their rights and obtain relief where they otherwise would not have.

### TRIAL BY JURY

81. Plaintiffs are entitled to and hereby demand a trial by jury. U.S. Const. Amend. 7. Fed. R. Civ. P. 38.

### CAUSE OF ACTION

### COUNT I.

### VIOLATIONS OF THE TRUTH IN LENDING ACT – 15 U.S.C. § 1601 et. seq.

82. Plaintiffs incorporate by reference all preceding paragraphs as though fully stated herein.

83. One of the primary purposes of the TILA is to promote the informed use of consumer credit by requiring disclosures about its terms and cost.

84. The TILA is a remedial act intended to "penalize noncomplying creditors and deter future violations" and to protect consumers and, as such, its provisions are to be liberally construed in favor of consumers.

85. Defendant failed to provide clear and conspicuous disclosure of the APR and Finance Charge contained in the Note in violation of the TILA and Regulation Z.

86. In addition, Defendant understated and misrepresented the Amount Financed, Finance Charge, and Total Sales Price, all in violation of the TILA and Regulation Z.

87. Defendant's actions were intentional.

88. Defendant's violations of the TILA and Regulation Z were fraudulently concealed by Defendant not discoverable by the average consumer, including Plaintiffs, until August 2018.

90. As a result of Defendant's unlawful actions and its failure to provide the required disclosures or misrepresentation of the terms, Plaintiffs have been damaged and are entitled to monetary relief and other damages, as provided by the TILA.

## COUNT II

## VIOLATIONS OF THE DECEPTIVE TRADE PRACTICES ACT – Tex. Bus. & Com. Code § 17.46

91. Plaintiffs incorporate by reference all preceding paragraphs as though fully stated herein.

92. In its dealings with Plaintiff, Defendant did not comply with the disclosure requirements set forth in Tex. Prop. Code §§ 222.006, 222.007, and 222.008.

93. Defendant was not registered with the Texas Secretary of State at the time it offered a membership interest to Plaintiffs as required by Tex. Prop. Code § 222.004, nor had it

complied with the registration requirements for membership camping contract brokers imposed by Tex. Prop. Code § 222.005.

94. Defendant's course of conduct, in order to secure the sale of a camping resort membership to Plaintiffs, was unconscionable within the meaning of Tex. Bus. & Com. Code § 17.50.

95. Pursuant to Tex. Prop. Code § 222.011, Defendant's violations of the Texas Membership Camping Resort Act were false, misleading and/or deceptive acts or practices within the meaning of the Tex. Bus. & Com. Code § 17.46, the Deceptive Trade Practices – Consumer Protection Act.

96. Defendant's violations of the Tex. Prop. Code § 222.01 et seq. were fraudulently concealed by Defendant not discoverable by the average consumer, including Plaintiffs, until August 2018.

97. Defendant is liable to Plaintiffs for economic damages, mental anguish, damages, attorney's fees, interest, and expenses.

## COUNT III

### VIOLATIONS OF THE TEXAS FINANCE CODE – Tex. Fin. Code § 341.404

98. Plaintiffs incorporate by reference all preceding paragraphs as though fully stated herein.

99. Defendant was not licensed as an authorized lender to make consumer loans as required by Tex. Fin. Code §§ 341.404 and 342.051 at the time it offered, negotiated and made a loan to Plaintiffs.

100. Defendant did not use the forms required by Tex. Fin. Code § 341.502 when it made two loans to Plaintiffs.

101. Defendant's violations of the Tex. Fin. Code were material and induced Plaintiffs into a transaction they would not have entered into had they known Defendant was not licensed to engage in the business of making consumer loans and was not utilizing compliant loan forms.

102. Pursuant to Tex. Fin. Code § 349.003, Defendant is liable to Plaintiffs for economic damages, statutory damages, and attorney's fees.

WHEREFORE, Plaintiffs pray that judgment be entered against Defendant for:

- certifying the action as a class;
- ordering that Plaintiffs be named as class representatives;
- ordering that Plaintiffs' counsel be named as class counsel;
- awarding Plaintiffs and the TILA Class appropriate statutory and punitive damages for violating the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*;
- awarding Plaintiffs and the TILA Class costs and reasonable attorney's fees and post judgment interest pursuant 15 U.S.C. § 1640;
- awarding Plaintiffs and the DTPA Class appropriate damages for violating the Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.46;
- awarding Plaintiffs and the DTPA Class costs and reasonable attorney's fees and post-judgment interest pursuant to Tex. Bus. & Com. Code § 17.50;
- an order pursuant to Tex. Bus. & Com. Code § 17.50 enjoining the Defendant from further violations of the Deceptive Trade Practices Act;
- awarding Plaintiffs and the Tex. Fin. Code Classes appropriate actual and statutory damages and attorney's fees and costs pursuant to Tex. Fin. Code §§ 349.003 and 349.403;
- any other appropriate declaratory and/or injunctive relief; and
- such other and further relief as the court deems just and equitable.

Dated this 25th day of April, 2019.          Respectfully Submitted,

                                                                               **LAW OFFICE OF TRISTA JOHNSON**

                                                                               */s/ Trista M. Johnson*
Trista M. Johnson
Texas State Bar No. 24101089
1712 N. Frazier Street, Suite 212C
Conroe, TX 77301
Telephone: 936.570.0575
Email: trista@txconsumerlawyer.com

Thomas J. Lyons, Jr., Esq.
MN Bar No.: 0249646
CONSUMER JUSTICE CENTER P.A.
367 Commerce Ct.
Vadnais Heights, MN 55127
Telephone: (651)770-9707
Facsimile: (651)704-0907
tommy@consumerjusticecenter.com
*(Admitted Pro Hac Vice)*

**ATTORNEYS FOR PLAINTIFF**

CERTIFICATE OF SERVICE

I certify that on April 25, 2019 this document was served on counsel of record via the Court's CM/ECF Document Filing System.

/s/ *Trista Johnson*

Trista Johnson